IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSSELL CHRISTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-924-R |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY and THE CARLA | ) |
| HOLZRICHTER INSURANCE AGENCY, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand and Brief in Support [Doc. No. 7]. Defendant State Farm responded in opposition to the motion (Doc. No. 9) and Plaintiff filed a reply in support of his position (Doc. No. 10). With leave of Court the parties filed additional supplemental briefs. (Doc. Nos. 27 and 33). Defendant also filed a Motion for Leave to Conduct Jurisdictional Discovery that has been fully briefed. (Doc. Nos. 16, 22 and 25). For the reasons that follow, Plaintiff's Motion to Remand is **GRANTED**, Defendant's Motion for Jurisdictional Discovery is **DENIED**.

This action arises from the adjustment by State Farm of an insurance claim by Plaintiff seeking to recoup for wind/hail damage to his roof in August 2021. Plaintiff made a claim under the full homeowners policy issued by Defendant State Farm Fire and Casualty Company ("State Farm"). Plaintiff contends that in adjusting the claim for roof damage State Farm confirmed the existence of damage to certain elements of the roof, namely the rain cap, roof vent, and fireplace chimney chase cover, but not the shingles.

Disagreeing with the assessment, which valued the loss at less than Plaintiff's deductible, Plaintiff retained an independent roofer who concluded the roof was totaled. Similarly, an engineer retained by Plaintiff to inspect the roof concluded that there was significant hail damage to the shingles, warranting roof replacement. Plaintiff alleges that State Farm's denial of the claim was premised in part on attributing much of the damage to pre-existing issues with the roof.

Plaintiff also seeks to recover from his State Farm agency, the Carla Holzrichter Insurance Agency ("Holzrichter"), through whom he purchased the policy. He alleges that Defendant Holzrichter was responsible for inspecting the status of his roof prior to issuance and renewal of the policy and that at no time was he told that any pre-existing damage to his roof would limit his ability to recover the full replacement cost as provided in the Policy. Premised on these allegations Plaintiff filed suit against both State Farm and the agency in the District Court of Oklahoma County. Plaintiff alleges that State Farm breached the contract and that its breach was in bad faith. Plaintiff alleges claims against Defendant Holzrichter for the negligent procurement of insurance and for constructive fraud and misrepresentation.

State Farm removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332, acknowledging that Holzrichter is a non-diverse defendant, but contending that removal is nevertheless appropriate because the agency was fraudulently joined in this action. Plaintiff disputes State Farm's assertion of fraudulent joinder and argues that remand to state court is required because the Court lacks subject matter jurisdiction.

The doctrine of fraudulent joinder permits a federal court assessing subject-matter jurisdiction to disregard the citizenship of a non-diverse defendant against whom the plaintiff has not or cannot assert a colorable claim for relief. *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 (10th Cir. 1983). As the party seeking to invoke the Court's jurisdiction, Defendant State Farm bears the burden of establishing the jurisdictional facts by a preponderance of the evidence. *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)(internal quotation marks and citation omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592 at * 2 (10th Cir. April 14, 2000). Defendant relies on the second prong of the fraudulent joinder analysis, arguing that Plaintiff cannot establish a cause of action against Defendant Holzrichter, the agency that sold him the homeowners policy.

In seeking remand Plaintiff argues that Holzrichter's liability for negligent procurement, constructive fraud, and negligent misrepresentation "all sound in an agent's

duties to its insured." (Doc. No. 7, p. 13). "An agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss". *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999)

In the Petition Plaintiff alleges that Defendant Holzrichter induced him into purchasing the policy by advising him that the roof of his home met State Farm's underwriting requirements and that nothing about the condition of the roof would exclude coverage or render the roof ineligible for the replacement coverage in the event of a weather-related loss

> Neither Holzrichter nor State Farm advised Plaintiff at any time that his roof was too old, too worn, in poor condition, plagued by pre-existing damage or defective workmanship which would exclude coverage or render the roof ineligible for replacement cost coverage Plaintiff specifically requested and paid for. Rather, Holzrichter and State Farm specifically advised and represented to Plaintiff that his roof was in good condition, qualified, and was eligible for full replacement cost coverage (versus ACV) by meeting all of State Farm's guidelines and underwriting requirements (*i.e.,* age, physical condition) and as such, Plaintiff was eligible to purchase full replacement coverage-which is the best policy State Farm offered.

Doc. No. 1-2, ¶ 10.

If the Court finds that Plaintiff has a single potentially viable claim against Defendant Holzrichter, the case must be remanded. *Yeaman v. Hillerich & Bradsby Co.*, No. CIV-09-981-F, 2009 WL 10702127 at *2 (W.D. Okla. Dec. 21, 2009) ("Remand is required if any claim against the non-diverse defendant is possibly viable."). Here, the Court finds that under the current record Plaintiff may have a viable claim against the agency as to alleged misrepresentations by virtue of partial disclosures.

4

Plaintiff alleges that State Farm denied the claim as to shingle damage and full replacement in part because any such damage was, in its estimation, pre-existing. Mr. Christy further alleges that, contrary to the findings of State Farm's investigation, Holzrichter had represented that all underwriting criteria had been met and that there were no preexisting issues with the roof that would limit or restrict coverage.

Constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice, or to the prejudice of anyone claiming under him." Okla. Stat. tit. 15, § 59. Plaintiff's factual allegations are sufficient such that the Court finds that he could sufficiently allege facts to support liability of Defendant Holzrichter for constructive fraud. He alleges that Holzrichter had a duty of full disclosure. *See Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp.*, 24 F.3d 1190, 1195 (10th Cir. 1994) (the law imposes a duty to speak from a partial disclosure because "the speaker [is] under a duty to say nothing or to tell the whole truth" (citation and internal quotation marks omitted)); *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353-54 (Okla. 1988) ("Although a party may keep absolute silence and violate no rule of equity, yet, if he volunteers to speak and to convey information which may influence the conduct of the other party, he is bound to disclose the whole truth."). Plaintiff alleges that Defendant Holzrichter breached that duty by not disclosing that his roof had pre-existing damage and further that the agency benefitted from failing to make full disclosure in that Plaintiff purchased the full replacement coverage, but the policy did not actually provide the requested coverage.

The Court concludes State Farm has failed to show that there is no possibility that Plaintiff could establish a claim against Holzrichter.[1] Accordingly, the Court may not disregard Holzrichter for purposes of establishing the existence of diversity jurisdiction. Because there is an absence of total diversity, the case must be remanded. Plaintiff's Motion for Remand is hereby GRANTED and the Clerk is directed to effect remand of this case to the District Court of Oklahoma County. In light of the above, the Court declines to exercise its discretion to permit State Farm to conduct jurisdictional discovery, and accordingly, its motion seeking such is hereby DENIED.

**IT IS SO ORDERED** this 13th day of April 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that its conclusion is consistent with that reached by all but one Judge in this District thus far with regard to a series of State Farm cases removed. The Court feels it would be remiss in not commenting on the discomfort caused by the fact that in most of these cases the allegations levied against the non-diverse agency defendants are nearly identical, despite the fact that the agencies are not the same. The Court finds, however, in light of the heavy burden on State Farm, that remand is required.